People v Ringel (2026 NY Slip Op 01805)

People v Ringel

2026 NY Slip Op 01805

Decided on March 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-08348
 (Ind. No. 1237/21)

[*1]The People of the State of New York, respondent,
vMelissa Ringel, appellant.

Richard E. Mischel, P.C., New York, NY, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York, NY (Steven C. Wu and Cecelia Chang of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, New York County (Robert M. Mandelbaum, J.), rendered April 26, 2024, convicting her of official misconduct, upon a jury verdict, and imposing sentence. By decision and order of the Appellate Division, First Department, entered August 22, 2024, this appeal was transferred to this Court for hearing and determination (see NY Const, Art VI, § 4[i]).
ORDERED that the judgment is affirmed.
The defendant was convicted of official misconduct in connection with legal advice she provided in January 2016, while working in her former position as director of the Pre-argument Conference Program for the Appellate Division, First Department, to certain real estate attorneys in a matter involving her husband's client for which her husband received compensation.
The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review, as she failed to raise these specific arguments before the Supreme Court (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Further, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the finder of fact's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643).
Contrary to the defendant's contention, financial records of the defendant's husband were relevant to the issue of whether the defendant intended to benefit her husband and were not prejudicial (see People v Scarola, 71 NY2d 769, 777).
The sentence, which was within the statutory range, was not illegal (see Penal Law § 80.05[5]; People v Saravia, 239 AD3d 1002, 1003).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court